UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NEIL CASTELLON,

Plaintiff,

v.

BANK OF AMERICA, N.A.,

Defendant.

Civil Action No. 26-0021 (JSS-RMN)

**MOTION OF THE OFFICE OF THE COMPTROLLER OF THE CURRENCY FOR LEAVE TO FILE AN AMICUS BRIEF**

Non-party the Office of the Comptroller of the Currency ("OCC" or the "Agency"), an independent bureau of the U.S. Department of the Treasury, respectfully moves this Court for leave to file an amicus curiae brief in support of Plaintiffs' opposition to Bank of America, N.A.'s motion to dismiss. The OCC's proposed amicus brief is twelve pages in length.

Although no Federal Rule of Civil Procedure or Local Rule of this Court directly governs the filing of an amicus brief, "[i]t is well-settled that a district court has broad discretion to grant the request of a non-party to file an amicus brief." *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, Civ. A. No. 10-0106 (FTM-SPC), 2010 WL 3603276, at *1 (M.D. Fla. Sept. 9, 2010) (collecting authorities). For the reasons set forth below, OCC respectfully

submits that it has a special interest in this case, that its interest is not otherwise represented by the parties in the case, that its proffered brief is timely, that its unique perspective will assist the Court's understanding of the matter in question, and that OCC is not partial to a particular outcome in the case. *See id.* (identifying factors relevant to decision to grant leave to file to an amicus brief); *Leal v. Sec'y, U.S. Dep't of Health & Hum. Servs.*, Civ. A. No. 08-1062 (ORL-22GJK), 2009 WL 1148633, at *1 (M.D. Fla. Apr. 28, 2009) (same); *Dibbs v. Hillsborough Cnty., Fla.*, Civ. A. No. 12-2851 (T-36TGW), 2014 WL 12839780, at *1 (M.D. Fla. Dec. 4, 2014) (same).

In support of this motion, OCC states as follows:

1. The OCC is an independent bureau of the U.S. Department of the Treasury responsible for chartering, regulating, and supervising all national banks and federal savings associations as well as federal branches and agencies of foreign banks.

2. OCC has a special interest in this case because the Agency is charged with, among other things, assuring that federally chartered banks such as Defendant, Bank of America, N.A., treat customers fairly and comply with applicable laws and regulations, including the laws at issue in this litigation, the Right to Financial Privacy Act, 12 U.S.C. §§ 3401-3423, and the Bank Secrecy Act ("BSA"), as amended by the Annunzio-Wylie Anti-Money Laundering Act of 1992, 31 U.S.C. § 5318(g). 12 U.S.C. § 1(a) (charging the

OCC with "assuring the safety and soundness of, and compliance with laws and regulations, fair access to financial services, and fair treatment of customers by, the institutions and other persons subject to its jurisdiction.").

3. OCC's interest as a federal banking regulator is not otherwise represented by any party in this case.

4. The OCC's instant motion is filed within eight days of Defendant's reply in further support of its motion to dismiss and is thus timely.[1]

5. OCC's unique perspective will assist the Court's understanding of issues raised in this matter, particularly the level of suspicion that a bank must have that transactions suggest a possible violation of law prior to voluntarily disclosing customer information to law enforcement in order to enjoy the immunity offered by the BSA's safe-harbor provision.

6. OCC is not partial to a particular outcome in this case and takes no position on the issues presented in Defendant's motion to dismiss beyond the question of the applicability of the BSA's safe-harbor provision.

For the foregoing reasons, OCC respectfully requests that the Court grant it leave to file an amicus brief.

---

[1] Amicus briefs are generally considered timely in district court when they "do[] not unduly delay the Court's ability to rule on any pending matter." *See, e.g.*, Local Civil Rules of the U.S. District Court for the District of Columbia, R. 7(o)(2).

Dated: June 26, 2026

Respectfully submitted,

ADAM J. COHEN
Senior Deputy Comptroller and Chief Counsel

BRIAN P. HUDAK
Deputy Chief Counsel

PETER C. KOCH
Director for Litigation

By: *[/s/ Diana V. Valdivia](https://example.com)*
DIANA V. VALDIVIA, Counsel
Office of the Comptroller of the Currency
400 Seventh Street, SW
Washington, DC 20219
(202) 649-5400
Diana.Valdivia@occ.treas.gov

*Attorneys for the Comptroller of the Currency*

## LOCAL RULE 3.01(G) CERTIFICATE

I hereby certify that prior to filing this motion undersigned counsel for the Office of the Comptroller of the Currency conferred with counsel for the Parties via email regarding this motion. Plaintiffs consent to the relief sought and Defendant responded that it "takes no position on the motion for leave to file an amicus brief, provided that Bank of America is permitted to file a short supplemental brief responding to the arguments OCC presents."

*/s/ Diana V. Valdivia*
DIANA V. VALDIVIA

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2026, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Diana V. Valdivia*
DIANA V. VALDIVIA